Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez |
|---|---|---|
| Parte Recurrida | TA2025CE00041 | |
| v. | | Crim. Núm.: ISCR201000919 |
| JOSÉ A. RUIZ LÓPEZ | | Sobre: |
| Parte Peticionaria | | Art. 106/Grados de Asesinato |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de julio de 2025.

Comparece el Sr. José A. Ruiz López[1] (en adelante Sr. Ruiz López o parte peticionaria) y solicita que revoquemos la *Resolución* emitida el 15 de mayo de 2025, notificada el 19 de igual mes y fecha, por el Tribunal de Primera Instancia Sala de Mayagüez. Mediante el referido dictamen, el foro primario denegó la solicitud del peticionario de modificar su sentencia.[2]

Evaluados los escritos presentados, y de conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[3], resolvemos sin trámite ulterior.

**I.**

Conforme surge del expediente apelativo, el 5 de abril de 2010, el Ministerio Público presentó denuncia contra el Sr. Ruiz López, por infracción al Artículo 106 (asesinato en primer grado[4]) del Código

---

[1] *In forma pauperis.*

[2] *Moción al Amparo de la Regla 192.1 de Procedimiento Criminal Ley 141, 142 de la Ley de Armas de P.R. (2) segunda y (14) décima cuarta enmienda de la Constitución de los Estados Únicos y la Jurisprudencia del caso Sánchez Valle y el Código Penal de P.R."*

[3] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 14-15, 215 DPR __ (2025).

[4] 33 LPRA 4734.

Penal del Estado Libre Asociado de Puerto Rico[5] e infracción a los Artículos 5.04 (portación y uso de armas de fuego sin licencia) y 5.15 (disparar o apuntar armas) de la Ley de Armas de Puerto Rico[6]. El peticionario fue sentenciado el 21 de febrero de 2013. Por el delito de asesinato en primer grado, según tipificado en el Art. 106 de Código Penal de 2004, el Sr. Ruiz López fue sentenciado a una pena de 99 años. En cuanto a la infracción al Art. 5.04 de la Ley de Armas, *supra,* el peticionario fue sentenciado a cumplir una pena de veinte (20) años, duplicada en virtud del agravante estatuido en el Artículo 7.04 del referido estatuto, y por al Art. 5.15, fue sentenciado a cumplir una pena de diez (10) años, para un total de 129 años.

Así las cosas, el 26 de marzo de 2025, el Sr. Ruiz López presentó una solicitud al amparo de la Regla 192.1 de Procedimiento Criminal[7]. En esta, el Sr. Ruiz López argumentó que la pena impuesta en cuanto al Artículo 5.04 –duplicada a veinte (20) años en virtud del agravante del Artículo 7.03 de la Ley de Armas, *supra*– se presume inconstitucional. Lo anterior, porque entiende que se le está castigando dos veces por el mismo delito. En apoyo de su postura, este citó el caso de *Pueblo v. Sánchez Valle[8]* y solicitó que se enmendara su sentencia respecto al Artículo 5.04.

El 15 de mayo de 2025, notificada el 19 de mayo de 2025, el TPI emitió la *Resolución,* en la que resolvió lo siguiente:

> No Ha Lugar. Los asuntos planteados ya fueron adjudicados.

Inconforme, el Sr. Ruiz López acude ante nos vía *certiorari* y formuló los siguientes señalamientos de error:

> Primer error: Erró el Tribunal de Primera Instancia al declarar "No ha Lugar" el recurso presentado al amparo de la Regla 192.1 de Procedimiento Criminal para modificación de sentencia, alegando como único criterio

---

[5] Ley Núm. 149 de 18 de junio de 2004, según enmendada, 33 LPRA § 4629, et seq.

[6] *Ley de Armas de Puerto Rico,* Ley Núm. 404 de 11 de septiembre de 2000, 25 LPRA seccs. 458c, 460b y 458n.

[7] Véase Entrada Núm. 3 del expediente apelativo en SUMAC.

[8] 192 DPR 594 (2015).

para sostener su determinación que "los asuntos planteados ya fueron adjudicados", obviando así los múltiples criterios, los cuales sin duda alguna sustentan una Modificación de Sentencia, más aún teniendo estos el conocimiento de que al suscribirse el recurso aquí en controversia, ya el Hon. Mathew Jonshé Derek[,] Juez del Tribunal Supremo Federal, se había pronunciado en la resolución emitida el día 2 de agosto de 2022, con respecto a la ilegalidad de este tipo de sentencia.

Segundo error: Erró el Tribunal de Primera Instancia al realizar una valuación mecánica, pro-forma, violentando así los perceptos básicos contenidos en el Artículo 2 Sección 2 de la Carta de Derechos de la Constitución de los Estados unidos de América.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[9]

La Regla 40 del Reglamento de este Tribunal de Apelaciones, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada[10], establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Estos criterios son:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[9] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[10] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Sobre estos criterios de evaluación el Tribunal Supremo ha enunciado que el foro apelativo intermedio debe evaluar tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, con el fin de determinar si dicha etapa es la más apropiada o conveniente para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del pleito.[11] Por tanto, se trata de un recurso a ser expedido discrecionalmente. De no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

### III.

En su recurso, el Sr. Ruiz López aduce que el foro primario incidió al denegar su solicitud de modificación de la sentencia, pues entiende que la pena impuesta, la cual fue duplicada por el agravante consignado en el Artículo 7.04 de la Ley de Armas, *supra,* lo castiga dos veces por el mismo delito y que, al así proceder, el foro recurrido no consideró los preceptos básicos establecidos en el Artículo 2, Sección 2 de la Carta de Derechos de la Constitución de los Estados Unidos de América.

Tras considerar los argumentos formulados por el Sr. Ruiz López, a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra,* resolvemos que no encontramos indicio alguno que justifique nuestra intervención con el dictamen recurrido.

En nuestro ejercicio revisor no hemos detectado que el TPI hubiera actuado movido por prejuicio ni de manera imparcial, así tampoco que haya incurrido en un error manifiesto en la aplicación de la norma jurídica.

Así pues, ante la ausencia de justificación para intervenir con la determinación a la que arribó el TPI, declinamos ejercer nuestra

---

[11] *Torres Martínez v. Torres Ghigliotty*, 175 D.P.R. 83, 84-85 (2008).

función discrecional revisora y denegamos la expedición del auto de *certiorari.*

**IV.**

En virtud de lo anterior, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones